UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PLIXER INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION DOCKET NO. 2:16-cv-00578 |
| | ) | |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SCRUTINIZER GMBH, | ) | |
| | ) | |
| Defendant. | ) | |

## FIRST AMENDED COMPLAINT

1.      This is an action brought by Plixer International, Inc. ("Plixer" or "Plaintiff") a leading provider of a variety of specialized computer services in the United States and elsewhere in the rest of the world to stop a German company from infringing upon Plixer's federally registered trademark "SCRUTINIZER", which is confusingly or deceptively similar to Plaintiff's mark.  Defendant has refused to discontinue its use of the term "SCRUTINIZER" despite Plaintiff's demand that it do so. This action for declaratory relief, damages and injunctive relief is necessary to prevent further harm as a result of Defendant's wrongful attempt to misappropriate the mark SCRUTINIZER that rightfully belongs to Plaintiff.

2.      Plaintiff is a Maine corporation with its principal place of business in Kennebunk, York County, Maine, United States of America.

3.      The Defendant Scrutinizer GmbH ("Scrutinizer" or "Defendant") is a German limited liability company organized under the laws of the Federal Republic of Germany with its principal place of business in Kassel, Federal Republic of Germany.

1

4.      This Court has subject matter jurisdiction under 15 U.S.C. §§ 1119, 1121, and 28 U.S.C. § 1331, 1338(a) and (b), and 1367(a); this action involves the federal trademark statute.

5.      This Court has personal jurisdiction over this matter as Defendant has done business in the State of Maine.

6.      Alternatively, this Court has personal jurisdiction over this matter under Rule 4(k)(2) of the Federal Rules of Civil Procedure.

7.      Venue is proper under 28 U.S.C. § 1391 (b)-(c).

## Background

8.      Plixer uses the SCRUTINIZER mark in connection with promoting its services for computer software and hardware for analyzing, reporting and responding to malware infections and application performance problems in the field of information technology and to optimize application resources and performance by providing feedback and metrics.

9.      Plixer first began promoting its services for computer software and hardware for analyzing, reporting and responding to malware infections and application performance problems in the field of information technology under the trademark SCRUTINIZER since at least as early as November 14, 2005.  Since that time, Plixer has spent significant time and money promoting that trademark to customers throughout the United States and the rest of the world.  Customers have come to know the SCRUTINIZER mark as a symbol of Plixer's quality services. The SCRUTINIZER mark had become famous before Defendant's first use of the term SCRUTINIZER.

2

10.     Plixer owns United States Federal Trademark Application Serial No. 8668437 for the mark "SCRUTINIZER" with a filing date of July 6, 2015 for computer software and hardware for analyzing, reporting and responding to malware infections and application performance problems, used in the field of information technology in classes US 021, 023, 026,036 and 038.  A copy of the Certificate of Registration is attached hereto as Exhibit 1.   The Application was approved for publication by the United States Patent and Trademark Office on November 8, 2016.

11.     Scrutinizer offers computer services and software for the optimization of application resources and performance problems by providing feedback and metrics in the United States and elsewhere in the world using the term SCRUTINIZER.

12.     Upon information and belief, Defendant has not filed any applications to register the term SCRUTINIZER as a trademark in the United States Patent and Trademark Office or in the appropriate office in any individual state jurisdiction in the United States.

13.     Plixer's rights in the SCRUTINIZER mark predate Defendant's rights (if any) in the term SCRUTINIZER.

14.     The term SCRUTINIZER so closely resembles Plixer's SCRUTINIZER mark when applied to the services offered by Scrutinizer as to cause confusion, mistake or deception as to the source of Defendant's services.

15.     Defendant's services are closely related to the services covered by Plixer's federal trademark registrations for the SCRUTINIZER mark.  As a result of the similarity of services, the public is likely to be confused about whether Plixer is the source of Defendant's services or whether Plixer is affiliated with or the sponsor of Defendant's services.

16.     Defendant's use of the term SCRUTINIZER will infringe and/or dilute Plixer's prior rights in the SCRUTINIZER mark.

17.     Defendant's use of the term SCRUTINIZER will interfere with Plixer's use of its SCRUTINIZER mark and will harm Plixer.

18.     Unless enjoined by this Court, the Defendant will continue said acts of trademark infringement and dilution, thereby causing Plixer to suffer damages and immediate and irreparable injury for which it has no adequate remedy at law.

### COUNT I - Federal Trademark Infringement and Unfair Competition

19.     Plixer repeats and realleges paragraphs 1- 18 as though fully set forth herein.

20.      Plixer is the senior user of the mark SCRUTINIZER in the United States and elsewhere in the world.

21.     Plixer owns the trademark rights in SCRUTINIZER under federal common law and by virtue of its federal trademark application for the mark.

22.     The Defendant' use of the term SCRUTINIZER in connection with their computer services and software for the optimization of application resources and performance problems by providing feedback and metrics in the United States and elsewhere in the world is likely to confuse consumers about the source of those services.

23.     The Defendant has infringed and continues to infringe the trademark rights of Plixer under federal common law and the federal trademark statute, 15 U.S.C. §§1114, 1125(a).

24.     The Defendant's infringement is willful.

25.     Plixer has suffered and continues to suffer damages and irreparable harm as a result of the defendant's infringement.

4

## COUNT II - Federal Dilution

26.     Plixer repeats and realleges paragraphs 1-25 as though fully set forth herein.

27.     Plaintiff's SCRUTINIZER mark is distinctive and had become famous within the meaning of 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c), well prior to the Defendant' first use of the term SCRUTINIZER in the United States and elsewhere in the world.

28.     The Defendant's use of the term SCRUTINIZER dilutes the distinctive qualities of the Plixer's mark SCRUTINIZER, has diminished the value of the mark and, therefore, constitutes trademark dilution within the meaning of § 43(c) of the Federal Trademark Act, 15 U.S.C. § 1125(c).

### *Request for Relief*

WHEREFORE, Plaintiff Plixer requests that the Court:

(1)     enter judgment in Plixer's favor as to all counts;

(2)     find that the Defendant's conduct was willful;

(3)     award damages;

(4)     award attorneys' fees and costs to Plixer in accordance with § 35 of the Federal Trademark Act, 15 U.S.C. § 1117;

(5)     enjoin the Defendant and its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert therewith from using the term SCRUTINIZER or any other trademark or other commercial designation which is confusingly similar to the Plaintiff's mark SCRUTINIZER, and from otherwise infringing or diluting the distinctive quality of the mark SCRUTINIZER in the United States of America.

(6)     award such other relief as is just and proper.

<u>DEMAND FOR JURY TRIAL</u>

Plaintiff demands a trial by jury.


Dated:  November 22, 2016                    <u>/s/ James G. Goggin</u>
                                             James G. Goggin
                                             Attorney for Plaintiff


VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME  04112-0586
(207) 774-4000
jgoggin@verrilldana.com


6

# EXHIBIT 1

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

Serial Number: 86684376
Filing Date: 07/06/2015

### The table below presents the data as entered.

| Input Field | Entered |
|---|---|
| **SERIAL NUMBER** | 86684376 |
| **MARK INFORMATION** | |
| *MARK | SCRUTINIZER |
| STANDARD CHARACTERS | YES |
| USPTO-GENERATED IMAGE | YES |
| LITERAL ELEMENT | SCRUTINIZER |
| MARK STATEMENT | The mark consists of standard characters, without claim to any particular font, style, size, or color. |
| **REGISTER** | Principal |
| **APPLICANT INFORMATION** | |
| *OWNER OF MARK | Plixer International, Inc. |
| INTERNAL ADDRESS | Suite 4 |
| *STREET | 68 Main Street |
| *CITY | Kennebunk |
| *STATE (Required for U.S. applicants) | Maine |
| *COUNTRY | United States |
| *ZIP/POSTAL CODE (Required for U.S. applicants) | 04043 |
| **LEGAL ENTITY INFORMATION** | |
| TYPE | corporation |
| STATE/COUNTRY OF INCORPORATION | Maine |
| **GOODS AND/OR SERVICES AND BASIS INFORMATION** | |
| INTERNATIONAL CLASS | 009 |
| *IDENTIFICATION | Computer software and hardware for analyzing, reporting and responding to malware infections and application performance problems, used in the field of information technology |
| FILING BASIS | SECTION 1(a) |
|    FIRST USE ANYWHERE DATE | At least as early as 11/14/2005 |
|    FIRST USE IN COMMERCE DATE | At least as early as 11/14/2005 |
| SPECIMEN FILE NAME(S) | \\TICRS\EXPORT16\IMAGEOUT 16\866\843\86684376\xml1\ RFA0003.JPG |
| SPECIMEN DESCRIPTION | Software screen shot |

| ATTORNEY INFORMATION | |
|---|---|
| NAME | Charles P. Bacall |
| ATTORNEY DOCKET NUMBER | 37699-6912 |
| FIRM NAME | Verrill Dana, LLP |
| INTERNAL ADDRESS | P.O. Box 586 |
| STREET | One Portland Square |
| CITY | Portland |
| STATE | Maine |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 04112-0586 |
| PHONE | 207-774-4000 |
| FAX | 207-774-7499 |
| EMAIL ADDRESS | cbacall@verrilldana.com |
| AUTHORIZED TO COMMUNICATE VIA EMAIL | No |
| OTHER APPOINTED ATTORNEY | Rita S. Heimes; James G. Goggin; Timothy R. Shannon; Sara E. Hirshon; Seth S. Coburn |
| CORRESPONDENCE INFORMATION | |
| NAME | Charles P. Bacall |
| FIRM NAME | Verrill Dana, LLP |
| INTERNAL ADDRESS | P.O. Box 586 |
| STREET | One Portland Square |
| CITY | Portland |
| STATE | Maine |
| COUNTRY | United States |
| ZIP/POSTAL CODE | 04112-0586 |
| PHONE | 207-774-4000 |
| FAX | 207-774-7499 |
| *EMAIL ADDRESS | cbacall@verrilldana.com;mfuller@verrilldana.com |
| *AUTHORIZED TO COMMUNICATE VIA EMAIL | Yes |
| FEE INFORMATION | |
| APPLICATION FILING OPTION | TEAS RF |
| NUMBER OF CLASSES | 1 |
| FEE PER CLASS | 275 |
| *TOTAL FEE DUE | 275 |
| *TOTAL FEE PAID | 275 |
| SIGNATURE INFORMATION | |
| SIGNATURE | /Michael Patterson/ |
| SIGNATORY'S NAME | Michael Patterson |

| SIGNATORY'S POSITION | Chief Executive Officer |
|---|---|
| SIGNATORY'S PHONE NUMBER | (207) 324-8805 |
| DATE SIGNED | 07/06/2015 |

PTO Form 1478 (Rev 9/2006)
OMB No. 0651-0009 (Exp 02/28/2018)

# Trademark/Service Mark Application, Principal Register

Serial Number: 86684376
Filing Date: 07/06/2015

## To the Commissioner for Trademarks:

**MARK:** SCRUTINIZER (Standard Characters, see mark)
The literal element of the mark consists of SCRUTINIZER.
The mark consists of standard characters, without claim to any particular font, style, size, or color.

The applicant, Plixer International, Inc., a corporation of Maine, having an address of
   Suite 4,
   68 Main Street
   Kennebunk, Maine 04043
   United States

requests registration of the trademark/service mark identified above in the United States Patent and Trademark Office on the Principal Register established by the Act of July 5, 1946 (15 U.S.C. Section 1051 et seq.), as amended, for the following:

   International Class 009:  Computer software and hardware for analyzing, reporting and responding to malware infections and application performance problems, used in the field of information technology

In International Class 009, the mark was first used by the applicant or the applicant's related company or licensee or predecessor in interest at least as early as 11/14/2005, and first used in commerce at least as early as 11/14/2005, and is now in use in such commerce. The applicant is submitting one(or more) specimen(s) showing the mark as used in commerce on or in connection with any item in the class of listed goods/services, consisting of a(n) Software screen shot.
Specimen File1

The applicant's current Attorney Information:
   Charles P. Bacall and Rita S. Heimes; James G. Goggin; Timothy R. Shannon; Sara E. Hirshon; Seth S. Coburn of Verrill Dana, LLP

   P.O. Box 586
   One Portland Square
   Portland, Maine 04112-0586
   United States
The attorney docket/reference number is 37699-6912.
The applicant's current Correspondence Information:

   Charles P. Bacall

   Verrill Dana, LLP

   P.O. Box 586
   One Portland Square
   Portland, Maine 04112-0586
   207-774-4000(phone)
   207-774-7499(fax)
   cbacall@verrilldana.com;mfuller@verrilldana.com (authorized)
**E-mail Authorization:** I authorize the USPTO to send e-mail correspondence concerning the application to the applicant or applicant's attorney at the e-mail address provided above. I understand that a valid e-mail address must be maintained and that the applicant or the applicant's attorney must file the relevant subsequent application-related submissions via the Trademark Electronic Application System (TEAS). Failure to do so will result in an additional processing fee of $50 per international class of goods/services.

A fee payment in the amount of $275 has been submitted with the application, representing payment for 1 class(es).

**Declaration**

The signatory believes that: if the applicant is filing the application under 15 U.S.C. Section 1051(a), the applicant is the owner of the trademark/service mark sought to be registered; the applicant or the applicant's related company or licensee is using the mark in commerce on or in connection with the goods/services in the application, and such use by the applicant's related company or licensee inures to the benefit of the applicant; the specimen(s) shows the mark as used on or in connection with the goods/services in the application; and/or if the applicant filed an application under 15 U.S.C. Section 1051(b), Section 1126(d), and/or Section 1126(e), the applicant is entitled to use the mark in commerce; the applicant has a bona fide intention to use or use through the applicant's related company or licensee the mark in commerce on or in connection with the goods/services in the application. The signatory believes that to the best of the signatory's knowledge and belief, no other person has the right to use the mark in commerce, either in the identical form or in such near resemblance as to be likely, when used on or in connection with the goods/services of such other person, to cause confusion or mistake, or to deceive. The signatory being warned that willful false statements and the like are punishable by fine or imprisonment, or both, under 18 U.S.C. Section 1001, and that such willful false statements and the like may jeopardize the validity of the application or any registration resulting therefrom, declares that all statements made of his/her own knowledge are true and all statements made on information and belief are believed to be true.

**Declaration Signature**

Signature: /Michael Patterson/   Date: 07/06/2015
Signatory's Name: Michael Patterson
Signatory's Position: Chief Executive Officer
RAM Sale Number: 86684376
RAM Accounting Date: 07/07/2015

Serial Number: 86684376
Internet Transmission Date: Mon Jul 06 17:01:02 EDT 2015
TEAS Stamp: USPTO/BAS-XX.XXX.XXX.XXX-201507061701023
64994-86684376-5307969bdb6d3571c8fb04373
cd9fe322346b39255c5cf52fd177ecd1e94cf17a
-CC-4015-20150706113736174888

# SCRUTINIZER

