UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| PLIXER INTERNATIONAL, INC., | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION |
| | ) | DOCKET NO. 2:16-cv-00578 |
| v. | ) | JURY TRIAL DEMANDED |
| | ) | |
| SCRUTINIZER GMBH, | ) | |
| | ) | |
| Defendant. | ) | |

**PLAINTIFF PLIXER INTERNATIONAL, INC.'S OPPOSITION TO DEFEFENDANT SCRUTINIZER GMBH'S MOTION TO DISMISS**

Plaintiff Plixer International, Inc., by and through counsel, hereby opposes Defendant Scrutinizer GMBH's Motion to Dismiss as follows.

**Introduction and Summary**

For the purposes of this Motion to Dismiss for Lack of Jurisdiction, the following relevant facts are considered as established. Plaintiff, a resident of Maine, and the owner of a federal trademark for the mark Scrutinizer, has filed and properly served a lawsuit alleging federal trademark infringement of its federally registered trademark against a foreign company. The services that Defendant offers under its name Scrutinizer are so closely related to the services covered by Plaintiff's mark that the public is likely to be confused about the source and/or affiliation of Plaintiff's services. *See* Plaintiff's Amended Complaint Doc. 4, ¶¶ 8, 10, 15; Defendant's Motion to Dismiss and Incorporated Memorandum of Law, (hereinafter "Def. Motion to Dismiss"), Doc. No. 12 at p. 3. Defendant offers its "cloud computing" services over its website

1

https://scrutinizer-ci.com. *See* Schmitt Declaration ("Schmitt Decl."), Doc. 12-1 at ¶ 5. Two Maine based clients have signed up for, paid for, and utilized the Scrutinizer service. One of those clients' users have accessed Defendant's services from Maine as well as from two other United States. Schmitt Decl. ¶¶ 8-11, Def. Motion to Dismiss at pp. 4-5.

Plaintiff concedes that there is no basis for general jurisdiction in the State of Maine based upon Maine's long-arm statute. Plaintiff argues that this Court may assert specific jurisdiction over Defendant based upon its related contacts with the State of Maine. Additionally Plaintiff is entitled to limited discovery to support its theory that this Court has jurisdiction under Fed. R. Civ. P. 4(k)(2), national jurisdiction pursuant to the Federal Long Arm Statute, and will supplement this Memorandum with evidence of Defendants contacts throughout the United States that Plaintiff expects to learn through discovery. Plaintiff is filing a separate Motion for Leave to Take Discovery concurrently with this Opposition.

**Specific Jurisdiction under Maine Long Arm Statute**

Defendant concedes, as it must, that the "relatedness" element of the specific jurisdiction is satisfied here. Def. Motion to Dismiss at pp. 10-11. Defendant contests whether its behavior constitutes "purposeful-availment" of this forum, and if so whether subjecting it to jurisdiction here is "reasonable". Most of the cases cited by Defendant stand for the proposition that simply operating an interactive website that is accessible from the forum state, without more, is not purposeful-availment of the forum. This case presents a type of internet web commerce more in line with that in the

2

case discussed by this Court in *Talarico v. Marathon Shoe Co.*, 2001 WL 366346 (D. Me. April 12, 2001) where the Court considered a website that featured "… a prominent offer to sell the allegedly infringing product, an option to complete an order form without leaving the confines of the website, and the actual consummation via that site of at least five transactions to customers in Maine." Id. at *5. The Court found this level of activity (although in the patent context, a distinction without a difference) to be "tantamount to purposeful minimum contacts" and denied the Defendant's Motion to Dismiss. *Id*. The Court also relied upon Maine's long-arm statute's tortious act provision, 14 M.R.S.A. § 704-A(2)(B), which provides that a non-resident defendant submits itself to the jurisdiction of Maine courts "as to any cause of action arising from … doing or causing a tortious act to be done, or causing the consequences of a tortious act to occur within this State." *Id*. at *5 n.5. *See also Henderson v. Laser Spine Institute*, 815 F. Supp. 2d 353, 376 (D. Me. 2011) quoting from *Montalvo v. First Interstate Finance Corp.*, 2005 WL 380727, at *3 (Me.Super.Ct. Jan. 3, 2005): "Internet advertising and sales are an example of precisely the sort of technological progress' creating an increased flow of commerce between Mainers and sellers in other states that was expressly the purpose of Maine's long arm statute. 14 M.R.S.A. § 704-A(1). A business cannot escape liability for fraudulent transactions with Maine consumers simply by conducting its business on-line."

As to reasonableness, Defendant concedes that Maine has an interest in adjudicating this suit and that Plaintiff has an interest in using this Court in its home state. Def. Motion to Dismiss at p. 17. And indeed, the alleged burden that Defendant

would bear in defending the case here must be balanced against those two significant interests. The weight accorded the burden is small and must yield in the face of the strength of the interests in favor of jurisdiction in this forum. Discovery would be taken as in the normal course, with interrogatory questions and answers and requests for production and responses thereto being exchanged between counsel and clients electronically. Defendant had no apparent difficulty appearing through Maine counsel and submitting electronically its opposing memorandum and affidavit, and this would be the method followed with any additional motions or responses to motions. Depositions of the Defendant, as in any other case, are normally taken in the Defendant's home jurisdiction. In this District, motions are most often decided on the papers, and hearings, when held, are often heard by telephone. In person hearings on non-testimonial motions would be attended by local counsel and foreign clients could participate by telephone. This District has available to it a videoconferencing system over which foreign witnesses can and have testified at testimonial hearing. And this Court can take judicial notice that Logan Airport in Boston, less than 100 miles away, has frequent direct flights to and from cities in Germany.

**National jurisdiction under the Federal Long Arm Statute.**

Defendant notes that Plaintiff has alleged Fed. R. Civ. P. 4(k)(2) as a basis for alternative jurisdiction in paragraph 6 of its Complaint. Def. Motion to Dismiss at p. 19. This Rule operates as a "federal long arm statute" where the United States as a

whole logically serves as the relevant forum for a minimum contacts analysis rather than any particular state.

> The Rule functions "as a species of federal long-arm statute" by "clos[ing] [the] loophole" that existed when foreign defendants "lacked single-state contacts sufficient to bring them within the reach of a given state's long-arm statute," but "had enough contacts with the United States as a whole to make personal jurisdiction over them in a United States court constitutional." *Swiss II*, 191 F.3d at 40. Whereas state long-arm statutes require a showing that the parties have sufficient contacts with the forum state, Rule 4(k)(2) requires a showing that the parties have sufficient contacts with the United States as a whole.

*United States v. Swiss Am. Bank, Ltd.*, 274 F.3d 610, 618 (1st Cir. 2001).

Defendant concedes that Plaintiff has established two out of the three elements necessary to establish jurisdiction under that Rule. Def. Motion to Dismiss at p. 19. To prevail on the third element, Plaintiff must make a prima facie case that Defendant has aggregated a sufficient number of contacts with the United States as a whole to pass Constitutional muster. Fed. R. Civ. P. 4(k)(2)(B).

The record here already contains evidence that suggests sufficient contacts with the United States as a whole and that Defendant expects its services to be utilized by customers in the United States. First, of course, is Defendant's admission that it already has two customers in the State of Maine. Def. Motion to Dismiss at pp. 4-5. The Defendant's website is in English, clearly supporting an inference that the company is attempting to attract customers outside of Germany, including the United States. *See* Declaration of James G. Goggin, Esq. ("Goggin Decl."), Ex. 1, Scrutinizer Website Home Page. The website offers users the option to start a 14-day free trial (therefore no requirement to pay in Deutschmarks or at all) (p. 2) and, tellingly, brags that the service

5

is "Trusted by over 5000 projects and companies **around the world**: …." (emphasis added)(p. 4).  The Defendant also makes use of websites based in the United States in connection with its business.  See Goggin Decl., Ex. 2, Scrutinizer Website Legal Notice ("Privacy Policy regarding the use of Google Analytics …[I]nformation generated … about your use of the website (including your IP address) will be transmitted to and stored by Google on servers in the United States."); Goggin Decl., Ex. 3 Intercom Inc. Privacy Policy (referred to in Ex. 2)("Where do we store your personal information?  If you are located outside the United States, the information that we collect from you may be transferred to and processed at, a destination in the United States."); Goggin Decl., Ex. 4 Mixpanel Privacy Policy (referred to in Ex. 2)(describing compliance with EU-US Privacy Shield).  And Plaintiff expects to explore in discovery contacts related to the use Defendant's services in the United States, including the number of Defendant's customers in each state, the number of employees/users of customers who use the service from each state, the dollar amount of sales to customers in each state by year, any contracts with United States companies to access or to provide access to servers in the United State in connection with Defendant's business, any business trips made by employees of Defendant to the United States in connection with the Scrutinizer service, internationally directed advertising related to Defendant's service, and the extent to which the Defendant has worked with U.S. based web designers, consultants and/or software developers in connection with the business.  See *Swiss American*, 274 F.3d at 626 (Plaintiff has obligation to present facts to the Court which would show why jurisdiction would be found if discovery were permitted.)

For these reasons, the Plaintiff respectfully requests that the Defendant's Motion to Dismiss be Denied, or in the alternative, that the Plaintiff be granted leave to conduct jurisdictional discovery and supplement the record and its Memorandum in Opposition to Defendant's Motion to Dismiss.

Dated:  March 30, 2017                                   /s/ James G. Goggin
                                                         James G. Goggin
                                                         Attorney for Plaintiff

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME  04112-0586
(207) 774-4000
jgoggin@verrilldana.com

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system and that the same will be sent electronically to registered participated as identified in the CM/ECF electronic filing system for this action.

Dated:  March 30, 2017                                   /s/ James G. Goggin
                                                         James G. Goggin
                                                         Attorney for Plaintiff

VERRILL DANA, LLP
One Portland Square
P.O. Box 586
Portland, ME  04112-0586
(207) 774-4000
jgoggin@verrilldana.com

10410205_1