# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | | |
|---|---|---|
| PLIXER INTERNATIONAL, INC., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 2:16-cv-578-DBH |
| SCRUTINIZER GMBH, | ) ) ) | |
| Defendant | ) | |

## ORDER ON PENDING MOTIONS

This case involves a Maine firm suing a German firm for federal trademark infringement. The German defendant has moved to dismiss for lack of personal jurisdiction. The Maine plaintiff resists the motion and requests limited jurisdictional discovery for a particular Rule-based purpose that I describe below.

The Maine plaintiff has conceded that it cannot establish general jurisdiction in Maine under any statute or rule. It asserts only specific jurisdiction, either as to the state of Maine or as to the United States as a whole, under traditional doctrines of personal jurisdiction. As a result, I **GRANT IN PART** the motion to dismiss, namely as to general jurisdiction. I **RESERVE** decision on whether to dismiss as to specific jurisdiction pending resolution of the dispute I am about to describe.

The Maine plaintiff asserts a basis for nationwide specific jurisdiction under Fed. R. Civ. P. 4(k)(2) (a provision first added in 1993), which provides that

if a claim "arises under federal law" (the asserted trademark claim here does arise under federal law), service of process "establishes personal jurisdiction" if "(A) the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and (B) exercising jurisdiction is consistent with the United States Constitution and laws." According to the First Circuit, under this Rule, the constitutional requirements for exercising personal jurisdiction are the same, but the analysis is "performed with reference to the United States as a whole, rather than with reference to a particular state. The defendant's national contacts take center stage . . . ." United States v. Swiss American Bank, Ltd., 191 F.3d 30, 36 (1st Cir. 1999), accord 274 F.3d 610, 618 (1st Cir. 2001).

On the Rule 4(k)(2) basis for personal jurisdiction, the German defendant has conceded that the only issue is whether "jurisdiction based on [the defendant's] nationwide contacts is constitutional." Def.'s Reply Mem. (ECF No. 17) at 2.[1] The Maine plaintiff seeks limited jurisdictional discovery to explore the German defendant's contacts with the United States on this constitutional issue.

The threshold for limited jurisdictional discovery is "relatively low." Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008); accord Oppenheimer

---

[1] The German defendant says explicitly that it does not contest that the plaintiff's claim arises under federal law, and that "personal jurisdiction is not available under any situation specific federal statute." Def.'s Reply Mem. (ECF No. 17) at 1. (The latter requirement comes from the prima facie case requirement of United States v. Swiss American Bank, 191 F.3d 30, 41 (1st Cir. 1999).) The German defendant does not explicitly address (except by its silence in saying that only the constitutional issue is at stake) Rule 4(k)(2)'s requirement that the defendant not be subject to jurisdiction in any particular state court. That is unsurprising. After the Rule was adopted in 1993, a commentator noted that singling out a particular state where it would be subject to jurisdiction "is not a task the defendant can turn to happily. It might in effect amount to a concession of jurisdiction in a designated state. Perhaps the defendant had best confine its efforts to trying to show that even its presumably national contacts in the case don't suffice for jurisdiction." David D. Siegel, *The New (Dec. 1, 1993) Rule 4 of the Federal Rules of Civil Procedure: Changes in Summons Service and Personal Jurisdiction*, 152 F.R.D. 249, 252-53 (1994).

2

Fund, Inc. v. Sanders, 437 U.S. 340, 351 n.13 (1978) ("discovery is available to ascertain the facts bearing on such issues," enumerating jurisdiction as one such issue). If a plaintiff makes out a colorable case for personal jurisdiction, the district court has broad discretion to determine whether limited discovery should be allowed. Swiss American Bank, 274 F.3d at 625-26. I conclude that here the Maine plaintiff has surmounted the threshold for limited discovery addressed to the federal constitutional issues of Rule 4(k)(2), namely a colorable case of defendant contacts with the United States as a whole.

Accordingly, the motion to dismiss is **GRANTED IN PART** as to general jurisdiction and otherwise action is **DEFERRED**.

The motion for limited jurisdictional discovery is **GRANTED**.

The lawyers for the parties shall meet and confer to reach agreement on the limited jurisdictional discovery. Failing such agreement by June 4, 2017, they shall submit their competing proposals to the court by June 11, 2017, and either I or the Magistrate Judge shall resolve them.

**SO ORDERED.**

**DATED THIS 5TH DAY OF MAY, 2017**

/S/ D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**