**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | | |
|---|---|---|
| PLIXER INTERNATIONAL, INC., | ) | |
| Plaintiff | ) ) ) | |
| v. | ) ) | Civil No. 2:16-cv-578-DBH |
| SCRUTINIZER GMBH, | ) ) ) | |
| Defendant | ) | |

**ORDER ON DEFENDANT'S MOTION TO CERTIFY**

I recently denied the German defendant's motion to dismiss this case for lack of personal jurisdiction under Fed. R. Civ. P. 4(k)(2). Order on Mot. to Dismiss for Lack of Jurisdiction, Oct. 18, 2017 (ECF No. 29). The defendant has now moved under 28 U.S.C. § 1292(b) for permission to take an interlocutory appeal of that Order to the Court of Appeals for the First Circuit. The First Circuit does "not normally allow an appeal from a denial of a motion to dismiss." McGillicuddy v. Clements, 746 F.2d 76, 76 n.1 (1st Cir. 1984). But I conclude that this case meets the standard the First Circuit applies for an interlocutory appeal—"used sparingly and only in exceptional circumstances, and where the proposed intermediate appeal presents one or more difficult and pivotal questions of law not settled by controlling authority." Id.; see also Caraballo-Seda v. Mun. of Hormigueros, 395 F.3d 7, 9 (1st Cir. 2005) (quoting the same language). I therefore **Grant** the motion, applying the criteria of section 1292(b):

1. The matter involves a controlling question of law. If I was incorrect in my conclusion that specific personal jurisdiction exists over this defendant, the lawsuit cannot proceed; thus the issue of personal jurisdiction is a controlling question of law.

2. There is substantial ground for difference of opinion on this question of law. As I stated in my October 18 Order, the United States Supreme Court has never addressed the scope of Fed. R. Civ. P. 4(k)(2), the First Circuit has not addressed the issue of specific personal jurisdiction based solely upon an interactive website that offers cloud-based services, Op. at 2, and other Circuits apply differing approaches. Op. at 9-11. The question is both "difficult and pivotal," and there is no "controlling authority" that settles it. McGillicuddy, 746 F.2d at 76 n.1. I do note that the "relatedness" element of specific personal jurisdiction is not at issue in this case.

3. An immediate appeal from my Order may materially advance the ultimate termination of the litigation, because if the First Circuit rules that I was incorrect in my conclusion that specific personal jurisdiction exists, the lawsuit will immediately terminate, and the German defendant need not defend itself in this country.

For those reasons I **GRANT** the motion and **STAY** proceedings in this Court while the First Circuit decides whether to accept the appeal.

**SO ORDERED.**

**DATED THIS 5TH DAY OF JANUARY, 2018**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**